## MARTIN vs. HEIRS OF MARTIN & AL.

Sureties on curators bonds may be sued in the district court, so may beneficiary heirs when a breach of duty is alleged, which renders them responsible in their personal capacity.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. The petitioner states, that he is one of the heirs at law of the late Abraham and Mary Martin; that he was a minor from the death of his father and mother, until the 20th of Novem-

ber, 1823, when he became of age; and that
John M. Martin, late deceased, was appointed
his curator *ad bona.*

MARTIN
*vs.*
HEIRS OF
MARTIN & AL.

He further avers, that John M. Martin furnished, on being appointed curator, bond with
Robert Martin and Charles Mulholland, his sureties, for the sum of forty thousand dollars:
that he received the amount from the succession of the plaintiff's father and mother, and
that he died without rendering any account
thereof.

If the suit is
dismissed in the
inferior court,
on a want of jurisdiction, the
merits cannot be
gone into in the
supreme court.

That on the death of J. M. Martin, his succession was accepted with the benefit of an inventory; but that all the proceedings in relation to the administration of his estate were
irregular and void; that the property was sold
without proper authority, and the proceeds distributed contrary to law.

The petition sets out the property left by J.
M. Martin at his death, avers, that the plaintiff
has a tacit lien on it, and gives the names of
those persons into whose hands it has come.

And concludes by a prayer, that the heirs of
the curator, and the sureties on his bond, may be
cited, and caused to pay the plaintiff the sum
of forty thousand dollars, with interest at five
per cent from the time the property came into

West'n District,
*Sept.* 1824.

MARTIN
*vs.*
HEIRS OF
MARTIN & AL.

the hands of the curator: that the third possessors of the property on which the petitioner has a mortgage, may be made parties to the suit, to shew cause why it should not be seized and sold to satisfy the judgment in this case.

This petition is met by every species of defence which the ingenuity of the parties, or counsel could suggest. One of them pleads, that the court of probates had exclusive jurisdiction of the cause of action set forth in the petition. The judge of the district court, after hearing evidence in support of the allegations of the respective parties, and argument on the merits, came to the conclusion that the case was one of which he could not legally take cognizance, and dismissed the suit by a judgment of non-suit.

The correctness of this judgment is alone brought before us for revision.

As it regards the sureties on the curator's bond, we think there can be no doubt the court erred in dismissing the petition—for if they could not be sued there, we do not see where they could be attacked. There is nothing in the act establishing the jurisdiction of the probate court, which confers on it the power of examining and deciding on the rights of parties, who are

bound as sureties for those who watch over the interests of minors—nor is there in the nature of the obligation, any necessity it should be examined by that tribunal.

We think the question equally clear as it respects the beneficiary heirs. They are charged with having sold the estate, and administered it contrary to law; and that all their proceedings are null and void. If this be true, they are responsible in their private capacity, and the court where the action was commenced had cognizance of such a demand.

The reason which influenced the judge to dismiss the suit was, that the sureties would have a right to plead discussion of J. M. Martin's estate, and that he could not order that discussion, as it was administered by beneficiary heirs in the court of probates. To this argument we think the answer given by the counsel of the plaintiff is satisfactory. That where sureties plead discussion, and the plea is allowed; it is not the court who sustains that defence, but the party, against whom it is offered, that is obliged to make the discussion; and that he can go into the court of probates if it be necessary he should to discuss the principal's estate, in the same way that he could pur-

West'n District,
Sept. 1824.

MARTIN
vs.
HEIRS OF
MARTIN & AL. sue any other legal step to accomplish that object.

The third possessors who are appellees have prayed they should have final judgment in their favor; but this prayer cannot be acceded to, unless we examine the case on its merits, and this we do not conceive we are authorised to do. When the inferior court declines to pass on the merits, by the opinion which it entertains in regard to its jurisdiction, this tribunal cannot decide on them; for it can only exercise *appellate* jurisdiction, and a judgment here on the merits, where none had been given below, would be an original one. All that this court can do, is to examine whether the court below erred in refusing to decide on the rights of the parties, not what these rights are. It was said that this tribunal has often decided causes, on points different from that which the court below acted on, and we were referred to a case which went off on the trial in the first instance on a question of prescription, and was adjudicated on in this court on other grounds. These positions do not in the least affect the principle which must govern the case. In those referred to, there was an examination of the merits; and they once gone into, no matter on what

point decided, the whole case was brought be-
fore the court. There is an essential differ-
ence between pleas such as prescription, *res
judicata,* and others of the same class, which de-
lay the progress of the cause, and pleas which
decline the jurisdiction. The latter, if sus-
tained, withdraw the whole case from the court;
the former, if supported, admit jurisdiction, and
are one of the means of defence on the matters
really at issue. We are quite satisfied that we
cannot examine the question submitted by the
appellees. If we did, it would be the first
judgment pronounced in relation to them, and
that is the very definition of original jurisdic-
tion.

It is therefore ordered, adjudged and de-
cresd, that the judgment of the district court be
annulled, avoided and reversed—and it is fur-
ther ordered, adjudged and decreed, that this
case be remanded for a new trial, with direc-
tion to the district judge not to dismiss the
same for want of jurisdiction, the appellees
paying the costs of this appeal.

*Bullard* for the plaintiff, *Thomas & Baldwin*
for the defendants.